UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROYAL ALICE PROPERTIES, LLC, ET AL.** | * | CIVIL ACTION NO. 12-2937 |
| **Plaintiffs** | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| **VERSUS** | * | |
| | * | |
| | * | MAGISTRATE: 3 |
| **DALE N. ATKINS, ET AL.** | * | MAG. DANIEL E. KNOWLES, III |
| | * | |
| **Defendants** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**ORDER AND REASONS**</u>

The matter before the Court is a Motion to Remand (Doc. 5) filed by Plaintiffs Royal Alice Properties, LLC ("RAP") and Susan Hoffman ("Susan"). For the following reasons the Motion is DENIED.

**BACKGROUND**

*I. First Judgment*

In 2002, a dispute arose out of the alleged misconduct of Defendant Peter Hoffman's

-1-

Company, NTTS Productions, Ltd., with respect to certain Jonesfilm motion picture rights. Jonesfilm instituted an arbitration proceeding against Defendant Peter Hoffman and his affiliate company, NTTS Productions, Ltd., before the American Film Marketing Association ("AFMA"). On July 20, 2004, the AFMA arbitration tribunal issued a declaration of rights in favor of Jonesfilm and a monetary award to Jonesfilm against NTTS. The order was confirmed by the Superior Court for Los Angeles County, California in December 2004. On March 18, 2005, the Los Angeles Superior Court amended its judgment to include Peter Hoffman as a Judgment Debtor in the action as the alter ego of NTTS Productions, Ltd., finding him jointly and severally liable for its obligation under the judgment. On March 14, 2006, the Civil District Court for the Parish of Orleans made the California Judgment against Peter Hoffman in the amount of $290,911.00 plus interest executory in Louisiana. This judgment was recorded on March 15, 2006 in the Orleans Parish mortgage records.

*II. Second Judgment*

In August 2005, Jonesfilm instituted an arbitration proceeding against Peter Hoffman affiliates Cinevisions ("CV"), Seven Arts Pictures, Inc. ("SAP"), Seven Arts Filmed Entertainment ("SAFE"), and Seven Arts Pictures, PLC ("PLC") before the Independent Film & Television Alliance ("IFTA"). On June 22, 2006, the IFTA arbitrator issued a monetary award and other relief in favor of Jonesfilm and against the Peter Hoffman affiliates jointly and severally. The United States District Court for the Central District of California confirmed the arbitration award on June 19, 2007. Jonesfilm registered this Order and Judgment with the United States District Court for the

Eastern District of Louisiana on June 2, 2010, and recorded the judgment in the Orleans Parish mortgage records.   The Second Judgment was confirmed on appeal by the United States Court of Appeals for the Ninth Circuit on February 12, 2009.

*III. Third Judgment*

On February 26, 2008, the United States District Court for the Central District of California granted Jonesfilm's Motion for Contempt against Peter Hoffman, CV, SAP, SAFE, and PLC. In addition, the Court confirmed the imposition of a constructive trust and lien in the amount of $41,766.00 plus interest.  Jonesfilm registered the contempt judgment with the United States District Court for the Eastern District of Louisiana and recorded this judgment in the Orleans Parish mortgage records on June 2, 2010.  The Third Judgment was confirmed on appeal by the United States Court of Appeals for the Ninth Circuit on February 12, 2009.

*IV. Post-Judgment Actions*

Jonesfilm alleges that Peter Hoffman ("Peter"), SAFE, SAP, CV, and PLC have failed to make any payments  to Jonesfilm and have further failed to satisfy any other obligations imposed by these previous judgments. Jonesfilm conducted discovery which confirmed that Peter and other Judgment Debtors have interests in Louisiana properties and, in light of their failure to pay Jonesfilm on the previous judgments, began actions in this Court to collect on and enforce its judgments.

*V. Orders of This Court*

On November 15, 2011 this Court issued an Order approving and adopting an October 26, 2011 Report and Recommendations of Magistrate Judge Knowles. In that Order the Court found that Peter disobeyed this Court's October 2010 Charging Orders and January 2011 Garnishment Order. This Order was recorded with the Orleans Parish Mortgage Recorder. This Order was affirmed by the United States Fifth Circuit on February 18, 2013.

On November 5, 2012 this Court again issued an Order finding Judgment Debtors in Contempt. This Court found that Leeway and Peter had failed to immediately deliver funds in the amount of $174,769.56 plus interest, that the judgment debtors had to deliver its financial statements and tax returns for the years 2007 through 2011, that each garnishee had to fully answer the Garnishment Interrogatories, and that reasonable attorneys fees were due to Jonesfilm. This Order was recorded with the Orleans Parish Mortgage Recorder. This Order was affirmed by the United States Fifth Circuit on August 8, 2013.

*VI. The Motion to Remand*

In late 2012 Susan and RAP filed a Petition for a Writ of Mandamus against the Clerk of Orleans Parish ("Orleans COC") under Louisiana Code of Civil Procedure articles 3861–63. Susan and RAP requested the Orleans COC to remove certain judgments filed by Jonesfilm and Too Easy Entertainment, a Louisiana limited liability company, and certain lis pendens filed by Jonesfilm in the property records of Orleans Parish, against immovable properties owned by Susan and RAP.

On December 12, 2012 Jonesfilm removed the Petition for Writ of Mandamus alleging that this Court has jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. § 1355, and the Court's inherent jurisdiction to effectuate its decrees, including its Contempt Orders. Plaintiffs filed a Motion to Remand on December 21, 2012. (Doc. 5.) Jonesfilm opposed the Motion on January 8, 2013. (Doc. 7.) The Motion was taken under submission on January 16, 2013.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C.A. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 34 (2002). The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal." *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). Removal statutes should be strictly construed, and any doubt as to whether removal is appropriate should be resolved in favor of remand. *Id.* (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

## LAW AND ANALYSIS

I.  *Arguments of the Parties*

Plaintiffs argue that Jonesfilm is not a party to the Petition for Writ of Mandamus and

therefore is not entitled to remove the action, that this Court does not have Federal Question subject matter jurisdiction or "inherent jurisdiction," and that this Court does not have Diversity subject matter jurisdiction.  Jonesfilm argues that this Court has original jurisdiction because the judicial mortgages were issued by this Court; that this Court has "inherent jurisdiction" to vindicate its authority, and that this Court has diversity jurisdiction as Susan and RAP are residents of Louisiana and the only real party in interest is Jonesfilm, a corporation with the domicile of Delaware and Pennsylvania.  Jonesfilm alleges that Orleans COC is a nominal defendant whose presence is disregarded.

II.     *Analysis*

"A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law."  *Smith v. Ruson Fire and Police Civil Serv. Bd.*, 939 So. 2d 586, 590 (La. App. 2 Cir. 2006) (citing La. Code Civ. Proc. Ann. art. 3863).  "Mandamus has been held to be the proper remedy for compelling a recorder of mortgages to cancel or erase an illegal or unauthorized inscription."  *L&A Contracting Co., Inc. v. Mabry*, 637 So. 2d 1090, 1093–94 (La. App. 2 Cir. 1994) (citations omitted).

Traditionally, all that the courts have required in a mandamus proceeding is that the parties in interest should have notice of the application, in order that their rights may be protected.  *Realsco, Inc. v. Green Acres Civic Ass'n*, 169 So. 2d 570, 572 (La. App. 4 Cir. 1964).  "The fact that other parties additional to the recorder are respondents in [a] suit for mandamus, or are given

notice by service of process of the application for mandamus, is of no importance since the only demand made is against the recorder" to perform a purely ministerial duty. *Id.* at 571–72.

On the other hand, the rights of a judgment creditor during a mandamus proceeding are greater. In this respect, courts have held that there is an "[i]nherent lack of due process in a mandamus proceeding to which a judgment debtor seeks to have cancelled a judicial mortgage without calling into court the judgment creditor." *Matherne v. Guillot*, 544 So. 2d 723, 726 (La. App. 3 Cir. 1989); *see also L&A Contracting*, 637 So. 2d at 1094 ("an ex parte mandamus proceeding which effectively cancels a mortgage or lien without notice to the creditor is inherently violative of the due process rights of the mortgagee or lien creditor as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, § 2 of the Louisiana Constitution.") "Although the debtor does not seek a judgment against the creditor, the debtor must notify the creditor of the proceeding and the creditor must be recognized as a party in interest. " *Id.* Accordingly, "the judgment creditor is an indispensable party to such a proceeding and must be joined therein." *Id.*

As the judgment creditor, Jonesfilm is an indispensable party. Thus, the Court must determine whether it properly possesses subject matter jurisdiction. The first issue is whether or not the Orleans COC is a nominal party such that diversity is met. *See State of La., ex. rel. Ieuoub v. Borden, Inc.*, No. 94-3640, 1995 WL 59548, at *1 (E.D. La. Feb. 10, 1995) (the citizenship of a nominal party is disregarded in determining the existence of diversity jurisdiction as only the

citizenship of the parties with a real interest in the case will be considered).

As noted previously, the judgment creditor is an indispensable party in interest because it is inherently affected by any decision of the Court. On the other hand, the Court finds that, in the instant action, the Orleans COC is merely a party to effectuate the removal of the mortgage or lien. *See Matherne*, 544 So. 2d at 726 (the clerk of court has no real interest in the mandamus proceedings because the only interest his only interest in the litigation is the lawful discharge of the duties of his office). As such, any decision made by the Court will not affect the Orleans COC, as they are merely in this action as a party to perform a ministerial function. Because the Orleans COC is not considered in the diversity analysis, the Plaintiffs are citizens of Louisiana, and Jonesfilm is a citizen of Delaware and Pennsylvania, this Court finds that the parties are completely diverse.

Next, "[w]hen a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurancce Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If it is not apparent from the face of the complaint, then the court may rely on summary judgment type evidence to ascertain the amount in controversy. *Id.* (quotations and citation omitted). "Importantly, the jurisdictional facts must be judged as of the time the complaint is filed." *Id.* at 1253–54. Jonesfilm presents more than sufficient evidence that the amount of the judicial mortgages securing more than $500,000. Accordingly, the amount in controversy is met.

In the end, the Court finds that Jonesfilm is an indispensable party to the Petition for Mandamus, that the Orleans COC is a nominal party whose domicile is not considered in the diversity analysis, that the Plaintiffs, Susan and RAP, are completely diverse from Jonesfilm, and that the amount in controversy has been met.  Accordingly, this Court properly exercises subject matter jurisdiction over the instant matter and removal is proper.

## CONCLUSION

For the foregoing reasons, the Motion to Remand (Doc. 5) filed by Plaintiffs Royal Alice Properties, LLC ("RAP") and Susan Hoffman ("Susan") is DENIED.  Jonesfilm shall be named as a Defendant to the above captioned action and the matter shall proceed in this Court.

New Orleans, Louisiana on this 14th day of August, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**